## VAN HORN *v.* VAN HORN.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.

On a bill by a wife for divorce evidence *held,* sufficient to show that defendant was guilty of cruel and inhuman treatment towards plaintiff.

2. SAME—ALIMONY.

On a bill for divorce, where the evidence showed that the parties had divided the property between them upon separating, each receiving $1,900 and, upon becoming reconciled, they bought a house in their joint names on which defendant paid $900 and plaintiff $1,500, and plaintiff later sold the property and received a payment of $1,300 and did not pay back the $900 to defendant, and, into a new home worth $3,300 plaintiff put $1,200 and defendant $900, $1,200 being borrowed on a mortgage, and plaintiff had possession of the furniture, a division of the property, allowing defendant the $900 he had put into the first property and giving to each party one-half the net proceeds of the second property, was proper.

Appeal from Wayne; Sullivan, J., presiding. Submitted October 11, 1917. (Docket No. 95.) Decided December 27, 1917.

Bill by Lillian Van Horn against Levi Van Horn for a divorce. From a decree for plaintiff, defendant appeals. Affirmed.

*James H. Pound,* for plaintiff.

*Benjamin & Betzoldt,* for defendant.

KUHN, C. J. The plaintiff, Lillian Van Horn, filed her bill of complaint for divorce against her husband, Levi Van Horn, praying for a decree of divorce on the ground of extreme cruelty. The case was tried on the 27th of June, 1916, but the decree was not.

signed until the 13th of April, 1917. From a decree granting plaintiff a divorce and providing for a settlement of their property rights and support of their minor children, both parties appeal. The plaintiff claims she is satisfied with the decree of divorce, but is dissatisfied with the division of the property and the right given the father to see the youngest child. The defendant claims that the plaintiff failed to make out a case which entitled her to a decree, and that the bill of complaint should be dismissed.

The parties hereto were legally wedded on July 8, 1894, at the city of Lapeer. The plaintiff has been the mother of five children to the defendant, of whom three are now living—one married, and away from home with her husband, Beulah, about 16 years of age, and Ray, aged about 7. After living for 12 years on a farm in Lapeer county, they moved to Flint, where they lived 5 years, and then came to Detroit. It appears that while the parties were living in Flint they separated, and the plaintiff commenced divorce proceedings there. They then agreed upon a division of their property. Plaintiff received $1,500 in cash and the household furniture, which was valued at $400, and the defendant retained an equal amount—that is, $1,900. In August, 1911, the parties became reconciled and came to Detroit, where they decided to purchase a home, and finally located on Hillger avenue. The defendant paid a deposit of $900, and the plaintiff put into this property $1,500 of her money, and a mortgage of $1,700 was assumed. The title of this property was taken in the name of the plaintiff. About 2 years later the plaintiff sold this property on Hillger avenue and received a payment of $1,300, which she kept, and did not pay back the $900 to the defendant which he put into the Hillger avenue property. They subsequently purchased a lot on Lycaste avenue, the deed of which was taken in their joint names, and

they proceeded to build a home thereon. Into the Lycaste avenue home the plaintiff put $1,200, and the defendant $900, and $1,200 was borrowed upon a mortgage. The house was built by the defendant, who was a carpenter by trade, and it took him nearly 3 months to build it, and the house and lot, without his labor, cost about $3,300. The trial court found that the defendant was entitled to the return of the $900 that he put into the Hillger avenue property, and to one-half of the net proceeds of the Lycaste avenue property, the title to which stood in their joint names. When the plaintiff left the defendant, she took with her all the furniture, which included all she had brought from Flint, and also such new pieces of furniture as had been bought since they came to Detroit, and used it to furnish her rooming house on Beecher avenue.

The trial judge who heard the testimony made every effort to bring the parties together, and seemed to be impressed that, having lived together so many years, for the sake of their home and their children they should make every endeavor to readjust their differences. In this he was unsuccessful, however, and finally granted a decree, being of the opinion that, while the plaintiff's proofs did not make out the strongest case, yet they did present a case which entitled her to a divorce.

The extreme cruelty alleged is the infliction of physical violence, striking her with the fist and kicking her, and the ordering of the plaintiff from her home in the daytime and also in the nighttime. It would be unprofitable and serve no purpose to attempt to review the testimony in this case and to set forth all the acts of cruelty relied upon by the plaintiff. It is sufficient, perhaps, to refer to certain instances which occurred, according to the plaintiff's testimony, one a month before the separation, when, she testi-

fied, the defendant struck her with his fist across her body and across her breast, and tore off her clothes, on which occasion she was about to take a trip out of town with some friends. The treatment that he accorded her got her into such a nervous condition that she was unable to go. She testified further that, on another occasion, he lost his temper and struck her and injured her so that he called in a physician.

While it is true that the marriage relation should not lightly be set aside, and that mere incompatibility of temper and ordinary misunderstandings and bickerings should not be held to be ground for divorce, nevertheless we are of the opinion that there was sufficient proof in this case to warrant the action of the trial judge in granting the decree. He further had the benefit of seeing the parties in court and hearing the testimony, and became convinced that it was impossible for these two parties to continue to live together.

Neither are we inclined to disturb his findings with reference to alimony. We think that the division of the property made by him was equitable and fair, and made suitable provision for the plaintiff.

Complaint is also made to that part of the decree which gives the defendant the privilege of visiting with and seeing his son, Ray, at all reasonable times and places, and having him one day a week in his sole custody. The decree further provides that the defendant is to pay $4 per week to the plaintiff for the support and maintenance of the minor child, Ray, until the further order of the court. It is urged that this amount should be increased. A petition with reference to these matters, however, might more properly be addressed to the Wayne circuit court, which court, upon a proper showing being made, can amend the order and make suitable provision to meet the circumstances of the case, if they require it.

We are of the opinion that, upon this record, the decree of the court below should be affirmed in all respects. One-half of the cost of printing the record to be paid by the defendant. No other costs to either party.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.